**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AZIZALLAH DELKHAH,

      Plaintiff-Appellant,

v.

ALLENE MOORE, KDHD Economic
Development Representative; KDHD,
Former Kansas Division of Housing
Development,

      Defendants-Appellees.

No. 06-3226
(D.C. No. 04-CV-2543-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

Plaintiff Azizallah Delkhah appeals the district court's grant of summary

judgment in favor of defendants on his claims of discrimination and retaliation

based on national origin. He alleged that defendants violated his rights under

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

federal constitutional and statutory law when his rent was raised even though he qualified for free public housing. We grant Mr. Delkhah's motion to proceed on appeal *in forma pauperis* and affirm.

*Background*

The district court's order sets out a detailed recitation of the factual background. Therefore, we provide only a brief overview. During the relevant time period, Mr. Delkhah, who is originally from Iran, resided with his two daughters at Pine Tree Cooperative Inc. (Pine Tree), which provided him subsidized housing under Section 8. *See* 42 U.S.C. § 1437f. Section 8 is a housing-subsidy program funded by the Department of Housing and Urban Development (HUD). Defendant Kansas Division of Housing Development (KDHD)[1] was the Section-8 contract administrator for Pine Tree. Defendant Moore was a compliance manager for KDHD, whose duties included monitoring Section-8 properties, including Pine Tree, to verify that they complied with HUD regulations. In reviewing the necessary documentation for Pine Tree, Ms. Moore noted, among other deficiencies, that Mr. Delkhah's bank statements indicated he had regular deposits that HUD regulations required be counted as income to calculate his subsidy. She reported her audit findings to Pine Tree, who was

---

[1] KDHD has changed its name to Kansas Housing Resources Corp., Inc. Reference to KDHD includes both names.

responsible for obtaining evidence of tenant income and for calculating monthly rental amounts.

In November 2002, Pine Tree increased Mr. Delkhah's rent from zero to $196 per month. Following Ms. Moore's 2003 audit, Pine Tree requested that Mr. Delkhah produce various documents regarding his daughters' citizenship and status as students. On April 30, 2003, Pine Tree again increased Mr. Delkhah's rent, this time to $402 per month, because he had not produced the requested documents. Mr. Delkhah objected and requested that Pine Tree reduce his rent to zero, retroactive to November 2002. Pine Tree agreed to reduce the rent to zero, but did not make it retroactive.

Neither Ms. Moore nor KDHD requested documents directly from Section-8 tenants, including Mr. Delkhah. Rather, Ms. Moore, in her capacity as a KDHD compliance manager, informed Pine Tree of any deficiencies in its files that made it noncompliant with HUD regulations. Pine Tree, not these defendants, made the decisions to increase and decrease Mr. Delkhah's rent and to refuse to make the reduction retroactive.

Mr. Delkhah sued, alleging that KDHD and Ms. Moore discriminated and retaliated against him based on his national origin in violation of 42 U.S.C. §§ 3604(b) and 3617, and the First and Fourteenth Amendments. As framed by the district court, Mr. Delkhah's claims were based on his allegations that defendants violated his rights by "(1) overstating his income for HUD purposes;

-3-

(2) increasing his rent; (3) requiring him to submit a birth certificate and citizenship papers; (4) repeatedly asking him for information; (5) denying him interim [rent reductions]; and (6) denying him retroactive application of a lower rent amount." R. Doc. 114 at 7. Mr. Delkhah also sued Pine Tree, its manager, and its management-services company, as well as a man named Jim. Because he settled or dismissed his claims against those defendants, this appeal concerns only KDHD and Ms. Moore.

On appeal, Mr. Delkhah contends that the district court disregarded his evidence and failed to consider all of the evidence, wrongly denied his motion to strike defendants' affidavits in support of their motion for summary judgment, and wrongly denied his motion for sanctions. He also asserts that the district judge should have recused.

*Appellate Jurisdiction*

We first identify the district court's rulings over which we have appellate jurisdiction, concluding that the order denying Mr. Delkhah's request for sanctions is not among them. Mr. Delkhah filed a motion for sanctions against defendants and their attorneys asserting that they had violated Fed. R. Civ. P. 11 by attaching to their pleadings a version of the HUD regulations that was not in effect during the dates in question. The district court denied the motion, but not until after Mr. Delkhah had filed his notice of appeal from the summary-judgment order. He did not file an additional or supplemental notice of appeal from the

sanctions order. Therefore, we do not have jurisdiction over the "subsequent separate and collateral order" denying sanctions. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) (holding supplemental notice of appeal was required to confer appellate jurisdiction over post-judgment order for attorney fees). We do have jurisdiction over the summary-judgment order specified in the notice of appeal, which includes the ruling on Mr. Delkhah's request to strike defendants' affidavits, *see Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004) ("Having appealed from the judgment, the appellant is free to attack any nonfinal order or ruling leading up to it.") (quotation omitted).

*Standards of Review*

"We review the grant of summary judgment de novo, applying the same standard the district court should apply under Fed. R. Civ. P. 56(c)." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (quotation omitted). For dispositive issues on which the plaintiff will bear the burden of proof at trial, he must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted). "[E]vidence, including testimony, must be based on more than mere speculation, conjecture, or surmise. Unsubstantiated allegations carry no probative weight in summary judgment

-5-

proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir.) (citation and quotations omitted), *cert. denied*, 127 S. Ct. 131 (2006).

We review for an abuse of discretion the district court's order denying a request to strike an affidavit in support of a summary-judgment motion. *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1227 (10th Cir. 2000). Finally, we review for plain error a claim that the district judge was not impartial where, as here, no motion to recuse was filed. *United States v. Nickl*, 427 F.3d 1286, 1297-98 (10th Cir. 2005) ("[T]his court employs a plain error standard to decide whether the impartiality of the district court was so suspect as to require a new trial.") (footnote omitted).

### *Merits*

Mr. Delkhah disputes the district court's order denying his motion to strike defendants' affidavits in support of their motion for summary judgment because they were not signed when originally filed. The district court directed defendants to file signed and notarized affidavits, which they did. Mr. Delkhah then filed his motion to strike because the affidavits were not signed and also because they were not accurate or relevant. The district court found that the original affidavits had been signed, but through an oversight, the signed versions were not filed. As to their relevance and accuracy, the court noted that Mr. Delkhah had had an opportunity to oppose them. Under the circumstances, we conclude that the district court did not abuse its discretion in denying the motion to strike.

We next consider Mr. Delkhah's challenges to the order granting summary judgment to defendants. The court first held that KDHD and Ms. Moore, in her official capacity, were entitled to Eleventh-Amendment immunity. The court then addressed the claims against Ms. Moore in her individual capacity, holding that Mr. Delkhah did not establish a prima facie case of disparate treatment under 42 U.S.C. § 3604(b) or retaliation under 42 U.S.C. § 3617. The court further held that Mr. Delkhah did not state a claim under the First or Fourteenth Amendments, redressable under 42 U.S.C. § 1983, because Ms. Moore did not act under color of state law, Mr. Delkhah produced no evidence that she treated others differently and in fact so stipulated, and Mr. Delkhah's speech did not address matters of public concern, but instead sought redress for private grievances. Finally, the court ruled that Ms. Moore was entitled to qualified immunity because Mr. Delkhah did not allege a constitutional violation.

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the summary judgment substantially for the reasons stated in the district court's well-reasoned and thorough decision.

Lastly, we consider Mr. Delkhah's assertion that the district court should have recused because she would naturally be biased in favor of defendants due to their status as an agency and employee of the State of Kansas. Mr. Delkhah's claim of judicial bias is apparently based solely on unfavorable rulings in the

case.  Adverse rulings cannot alone provide grounds for disqualification.  *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996).  Accordingly, the district judge was not required to recuse.

*Conclusion*

Mr. Delkhah's motion to proceed on appeal *in forma pauperis* is granted. The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge